127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin Howard CANELL, Plaintiff-Appellant,
v.
Ted FICKEN, Director of Cornerstone Drug Program; Stan
Mazur-hart; David Cook, Debbie Rios; Rick
Hulteng, Defendants-Appellees.
 No. 97-35040.
 United States Court of Appeals, Ninth Circuit.
 Decided Oct. 27, 1997.
Submitted October 20, 1997**
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, Chief Judge, Presiding
 Before: NELSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alvin Howard Canell, a former Oregon state prisoner, appeals pro se the district court's grant of summary judgment for defendants in his 42 U.S.C. § 1983 action alleging interference with his right of access to the courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we may affirm on any ground supported by the record, see United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992).
 
 
 3
 Prisoners' right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). To establish a violation of this right, prisoners must show an "actual injury," Lewis v. Casey, 116 S.Ct. 2174, 2179-81 (1996), i.e., "that a nonfrivolous legal claim had been frustrated or was being impeded," id. at 2179.
 
 
 4
 Here, Canell complained about various policies concerning the adequacy of the law library and access to legal materials. His only evidence that these policies impeded him from presenting a legal claim was his statement that he "was precluded from filing a Due Process and equal protection clause action over matters that occurred at OSP due to no Federal case law available to plaintiff at OSH law library." This cursory description of the claim which was allegedly precluded by inadequacies in the law library was insufficient to create a genuine issue of material fact that Canell suffered an "actual. injury." See id. at 2180-81; Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988) (stating that party opposing summary judgment motion may not rest on conclusory statements but must set forth specific facts).[1]
 
 
 5
 Canell also complained that his counselor at the drug treatment program stayed in the room when Canell spoke on the telephone with his attorney. Because Canell did not name the counselor as a defendant, and neither alleged nor submitted evidence that any named defendant monitored these conversations or knew about his counselor's conduct, Canell failed to establish that any of the defendants personally participated in the alleged violation of his right to confer with counsel. Accordingly, the district court did not err by granting summary judgment for defendants on this claim. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 6
 Because there were no exceptional circumstances meriting appointment of counsel, we conclude that the district court did not abuse of discretion by denying Canell's motion for appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Insofar as the district court should have advised Canell of the need to submit responsive evidence to ward off summary judgment given his pro se prisoner status at the time summary judgment was granted, see Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988), we conclude that Canell's release from prison has mooted any contention that the summary judgment should be vacated for failure to provide such advice